IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TRINET GROUP, INC. and TRINET USA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>BLANCA ABBUD,<br>Defendant. | § § § § § § § § § § § § § Case No. 5:19-cv-00055 |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

NOW COMES Defendant BLANCA ABBUD ("Defendant" or "Abbud" herein), by and through her attorneys, The Casas Law Firm, P.C., and for their Answer and Affirmative Defenses to Plaintiff's' Complaint as follows:

**Plaintiffs' Allegations**

1. Defendant has insufficient information with which to response to paragraph 1 of Plaintiffs' Complaint, and accordingly, Defendant denies the allegations herein.

2. Defendant has insufficient information with which to response to paragraph 2 of Plaintiffs' Complaint, and accordingly, Defendant denies the allegations herein.

3. Defendant admits the allegations set forth in paragraph 3 of Plaintiffs' Complaint.

4. Defendant admits the allegations set forth in paragraphs 4 of Plaintiffs' Complaint in that this Court has jurisdictions over the claims in this action, and denies any liability under the statutes cited in this Paragraph.

5. Defendant admits the allegations set forth in paragraph 5 of Plaintiffs' Complaint

in that this Court has jurisdiction over her, and that her physical location and principal place of residence is located in San Antonio, Texas.

6. Defendant admits the allegations set forth in paragraph 6 of Plaintiffs' Complaint.

7. Defendant has insufficient information with which to respond to paragraph 7 of Plaintiffs' Complaint, and accordingly, Defendant denies the allegations herein.

8. Defendant has insufficient information with which to respond to paragraph 8 of Plaintiffs' Complaint, and accordingly, Defendant denies the allegations herein.

9. Defendant has insufficient information with which to response to paragraph 9 of Plaintiffs' Complaint, and accordingly, Defendant denies the allegations herein.

10. Defendant denies the allegations set forth in paragraph 10 of Plaintiffs' Complaint.

11. Defendant denies the allegations set forth in paragraph 11 of Plaintiffs' Complaint.

12. Defendant denies the allegations set forth in paragraph 12 of Plaintiffs' Complaint.

13. Defendant denies the allegations set forth in paragraph 13 of Plaintiffs' Complaint.

14. Defendant denies the allegations set forth in paragraph 14 of Plaintiffs' Complaint.

15. Defendant denies the allegations set forth in paragraph 15 of Plaintiffs' Complaint.

16. Defendant denies the allegations set forth in paragraph 16 of Plaintiffs' Complaint.

17. Defendant denies the allegations set forth in paragraph 17 of Plaintiffs' Complaint.

18. Defendant denies the allegations set forth in paragraph 18 of Plaintiffs' Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of Plaintiffs' Complaint.

20. Defendant denies the allegations set forth in paragraph 20, including all its subparts, of Plaintiffs' Complaint.

21. Defendant denies the allegations set forth in paragraph 21 of Plaintiffs' Complaint.

22. Defendant denies the allegations set forth in paragraph 22 of Plaintiffs' Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of Plaintiffs' Complaint.

24. Defendant denies the allegations set forth in paragraph 24 of Plaintiffs' Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of Plaintiffs' Complaint.

26. Defendant denies the allegations set forth in paragraph 26 of Plaintiffs' Complaint.

27. Defendant denies the allegations set forth in paragraph 27 of Plaintiffs' Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of Plaintiffs' Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of Plaintiffs' Complaint.

30. Defendant denies the allegations set forth in paragraph 30 of Plaintiffs' Complaint.

31. Defendant denies the allegations set forth in paragraph 31 of Plaintiffs' Complaint.

32. Defendant denies the allegations set forth in paragraph 32 of Plaintiffs' Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of Plaintiffs' Complaint.

34. Defendant denies the allegations set forth in paragraph 34 of Plaintiffs' Complaint.

35. Defendant denies the allegations set forth in paragraph 35 of Plaintiffs' Complaint.

36. Defendant denies the allegations set forth in paragraph 36 of Plaintiffs' Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of Plaintiffs' Complaint.

38. Defendant denies the allegations set forth in paragraph 38 of Plaintiffs' Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of Plaintiffs' Complaint.

40. Defendant denies the allegations set forth in paragraph 40 of Plaintiffs' Complaint.

41. Defendant denies the allegations set forth in paragraph 41 of Plaintiffs' Complaint.

42. Defendant denies the allegations set forth in paragraph 42 of Plaintiffs' Complaint.

43. Defendant denies the allegations set forth in paragraph 43 of Plaintiffs' Complaint.

44. Defendant denies the allegations set forth in paragraph 44 of Plaintiffs' Complaint.

45. Defendant denies the allegations set forth in paragraph 45 of Plaintiffs' Complaint.

46. Defendant denies the allegations set forth in paragraph 46 of Plaintiffs' Complaint.

47. Defendant denies the allegations set forth in paragraph 47 of Plaintiffs' Complaint.

48. Defendant denies the allegations set forth in paragraph 48 of Plaintiffs' Complaint.

## **AFFIRMATIVE DEFENSES**

NOW COMES Defendant BLANCA ABBUD ("Abbud") by and through her attorney, The Casas Law Firm, P.C. and for her Affirmative Defenses to Plaintiffs' Complaint, state as follows:

### **FIRST AFFIRMATIVE DEFENSE**

Accordingly, any harm allegedly suffered by Plaintiffs was legally and proximately caused by the actions of either Plaintiffs or by other individuals or entities beyond Defendant's control or supervision. Defendant is not responsible or liable for the actions resulting in damage (if any) to Plaintiffs.

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiffs failed to mitigate their alleged damages or to take other reasonable steps to avoid or reduce their damages and therefore, Plaintiffs' damages, or a portion thereof, are the result of Plaintiff's failure to mitigate their damages.

### **THIRD AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to punitive damages, exemplary damages or attorneys' fees because Defendant did not act with malice, willfulness, bad faith or wanton disregard of Plaintiff's' rights.

### **FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent that there is no actual evidence of injury due to Plaintiffs' failure to protect their confidential and/or proprietary information, if any exists.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to assert some or all of the claims asserted in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs were not aggrieved by Defendant's conduct as alleged in the Complaint, nor did they suffer any damages as a result of the same as they so allege.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that Defendant is held liable for any of Plaintiffs' claimed damages, said liability shall be limited to their equitable share determined in accordance with the relative culpability of each person or entity contributing to the total liability.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that the alleged damage was solely or partially caused by Plaintiffs, Plaintiffs shall be liable, in whole or in part, in an amount equal to their equitable share after determining the relative culpability of each person or entity who contributed to the damages.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred if they consented to the purported and alleged dissemination of their so-called proprietary and/or confidential information.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent that any statute of limitation period has passed.

WHEREFORE Defendant respectfully requests that this Honorable court enter judgment in their favor and against Plaintiffs and for any further relief that this court deems proper and just.

# DEMAND FOR JURY TRIAL

Defendant demands a trial by jury.


Dated: Helotes, Texas
February 14, 2019

                                                Respectfully submitted,

                                                */s/ Joseph N. Casas*
                                                Joseph N. Casas
                                                California Bar No. 225800
                                                11844 Bandera Road, #509
                                                Helotes, Texas 78023
                                                (855) 267-4457 Office
                                                (855) 220-9626 Fax
                                                joseph@casaslawfirm.com


## ATTORNEY FOR DEFENDANT


## CERTIFICATE OF SERVICE

      I CERTIFY that on the 14th day of February, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing as follows:

**Gerald E. Hawxhurst**
HAWXHURST HARRIS LLP
11111 Santa Monica Blvd. Suite 620
Los Angeles, CA 90025
jerry@hawxhurstllp.com




*/s/ Joseph N. Casas*
Joseph N. Casas